UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | | |
|---|---|---|---|
| RICHARD KAPLAN, | : | | |
| | : | Civil Action No. | 14-1740 (JEI), |
| Plaintiff, | : | | |
| v. | : | **OPINION** | |
| ERIC HOLDER, et al., | : | | |
| Defendants. | : | | |

**IRENAS**, Senior District Judge:

Presently before the Court is the complaint of Richard Kaplan ("Plaintiff") alleging that Defendants engaged in a civil conspiracy to violate his Sixth Amendment right to counsel, (ECF No. 1), and Plaintiff's application to proceed *in forma pauperis* (ECF No. 3).[1]

**I. BACKGROUND**

Plaintiff is a federal prisoner currently incarcerated at FCI Otisville in Otisville, New York. (ECF No. 3, at 1). In 2007, Plaintiff pled guilty to a one-count information charging him with violating 18 U.S.C. § 666 by receiving corrupt cash payments and other services in exchange for official action on his part as a rehabilitation construction inspector in New Brunswick, New Jersey. (*See United States v Kaplan*, Criminal Action No. 08-581, Information at ECF No. 12). While in prison following his guilty plea, Plaintiff attempted to engage the services of a hit man to commit murder for hire with the help of a fellow inmate. (Id. at 1-2). This fellow inmate contacted

---

[1] As Plaintiff's complaint does not provide the factual basis for his incarceration, this information is drawn from the docket of his most recent conviction.

authorities and acted as a cooperating witness, introducing Plaintiff to an undercover law enforcement officer posing as a hit-man. (Id. at 2). Plaintiff then attempted to hire this undercover officer to murder Plaintiff's spouse. (Id. at 2-3). As a result, Plaintiff was charged with and pled guilty to a one-count information for murder for hire. (Id. at 1-4, *See United States v Kaplan*, Criminal Action No. 08-581, ECF No. 14, Plea Agreement at ECF No. 15). Plaintiff was thereafter sentenced and remains in prison. (ECF No. 1).

In his complaint, Plaintiff alleges that Defendants; including the Attorney General of the United States, the Governor of New Jersey, several FBI agents, HUD investigators, prison officials, the cooperating witness, his former attorney, and his ex-wife; engaged in a convoluted civil conspiracy with the end result of keeping Plaintiff imprisoned. (ECF No. 1 at 2-4). Plaintiff alleges that these individuals conspired to conceal exculpatory evidence related to his first conviction, and ultimately to deprive him of his Sixth Amendment right to counsel by placing the cooperating witness into prison as Plaintiff's cellmate in order to entrap him into the murder for hire charge. (ECF No. 1 at 3-6).

Plaintiff's complaint does not specify how, when, or why the various defendants entered into or engaged in the alleged conspiracy, nor alleges any specific actions other than the "fraudulent concealment" of documents related to his corruption conviction and the placement of the cooperating witness as his cellmate to "entrap" Plaintiff. (ECF No. 1 at 3-6). Indeed, Plaintiff's complaint instead concludes by asking the various Defendants to identify how, when, and why they became involved in the alleged conspiracy, and whether they concealed any documents/discovery from Plaintiff. (ECF No. 1 at 7-11).

Although Plaintiff did not initially pay the filing fee for a civil complaint, he has since filed

2

an application to proceed *in forma pauperis* accompanied by a certified prison account statement. (ECF No. 3). Petitioner has also filed motions for change of venue (ECF No. 2), appointment of counsel (ECF No. 4), a motion requesting a criminal investigation against defendants (ECF No. 5, 7), requests for the production of documents (ECF No. 6), a motion for a judgment of acquittal as to Plaintiff's criminal conviction (ECF No. 11), a motion for entry of default judgment (ECF No. 12), and several motions to amend his complaint.[2] (ECF Nos. 8-10, 13, 15).

## II.   IN FORMA PAUPERIS APPLICATION

Plaintiff has filed an application to proceed in this matter *in forma pauperis*. 28 U.S.C. § 1915 permits prisoners to bring a civil action *in forma pauperis* without the prepayment of fees or provision of security. Under the statute, a prisoner must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

Plaintiff has submitted a complete application to proceed *in forma pauperis*, including a

---

[2] These amendments sought to add numerous additional defendants to Plaintiff's complaint, alleging that each engaged in actions in furtherance of the alleged conspiracy. (ECF Nos. 8-10, 13). These new defendants include a New Jersey trial court judge for ordering Plaintiff to serve his ex-wife by mail in a state action (allegedly in an attempt to coerce Plaintiff into violating a restraining order), the Acting Secretary of a New Jersey Attorney Ethics Committee for allegedly denying an ethics charge based on a conflict of interest, and eleven of the judges of the Court of Appeals for the Third Circuit for denying a request for rehearing *en banc* in one of Plaintiff's other actions. (ECF Nos. 8-10, 13, 15).

3

six-month certified account statement as required by § 1915(a).  Based on the information provided in his application, leave to proceed in this Court without prepayment of fees is authorized.  See 28 U.S.C. § 1915.  The Court therefore will grant Plaintiff's application to proceed *in forma pauperis*.  Because Plaintiff is a prisoner who has filed a complaint seeking redress from a governmental entity, officer or employee, the granting of *in forma pauperis* status triggers *sua sponte* screening by the Court, to which the Court now turns.  *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).

### III.  DISCUSSION

#### A.  Legal Standard

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[3], the complaint must allege

---

[3]  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28

"sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Analysis**

Plaintiff alleges that Defendants engaged in a civil conspiracy to deprive him of his constitutional rights. Although Plaintiff does not so specify in his complaint, this claim is effectively a civil rights action brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983.[4] *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 801 (3d Cir. 2001) ("A *Bivens* action . . . is the federal equivalent of the § 1983

---

U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

[4] A *Bivens* action and an action under § 1983 are normally mutually exclusive, as the former applies to federal actors under color of federal law, and the latter for state actors under color of state law. As Plaintiff's conspiracy claims that both federal and state actors engaged in the conspiracy against him, however, both apply in this case to different defendants. The vast majority of defendants are federal officials, and therefore this opinion hereafter discusses Plaintiff's claim as a *Bivens* claim. The same legal principles apply to both § 1983 and *Bivens* actions. *See Brown,* 250 F.3d at 801; *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir. 1975).

cause of action against state actors, [it] will lie where the defendant has violated the plaintiff's rights under color of federal law"). A claim for a conspiracy to violate a plaintiff's constitutional rights requires the plaintiff to show "'that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.'" *Harrington v. Bergen County*, Civil Action No. 14-5764, 2015 WL 758634, at *11 (D.N.J. Feb. 23, 2015) (quoting *Laurensau v. Romarowics*, 528 F. App'x 136, 140 (3d Cir. 2013)). Plaintiff presents two claims for the violation of his constitutional rights; that Defendants deprived him of his Sixth Amendment right to counsel by (1) knowingly placing the cooperating witness into his cell, and (2) fraudulently concealing exculpating discovery from him during his 2007 criminal case.

Plaintiff's Sixth Amendment claim must fail as a matter of law. The Sixth Amendment right to counsel "attaches only at or after the initiation of adversar[ial] judicial proceedings against the defendant." *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 892 (3d Cir. 1999). "Such proceedings include formal charge, preliminary hearing, indictment, information, or arraignment." *Id.* At the time Plaintiff interacted with the cooperating witness, he was imprisoned, but he was not then engaged in adversarial judicial proceedings. No charge, hearing, indictment or information had then been issued. As such, Plaintiff had no Sixth Amendment right to counsel at the time of the alleged events, and his claim on that basis must fail.

Even were Plaintiff entitled to an attorney at that point, however, Petitioner's claim would still fail. A prisoner cannot seek damages in a § 1983 or *Bivens* suit when a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence until such time as the conviction or sentence has been invalidated. *See Telepo v. Martin*, 359 F. App'x 278, 280 (3d Cir. 2009). Declaratory relief is likewise unavailable via a civil rights complaint in such

circumstances. *Id.* The proper course is for Plaintiff to instead file a habeas petition. *Id.* As a Sixth Amendment claim "lies at the core of habeas corpus," such a claim is not cognizable via a civil rights complaint unless the underlying conviction or sentence has previously been invalidated. *Id.* As Plaintiff's underlying convictions have not been invalidated, he may not bring his Sixth Amendment claims.

Plaintiff's remaining constitutional claim underlying his civil rights action is that Defendants conspired to fraudulently conceal exculpatory discovery from him. Plaintiff appears to allege that the various co-conspirators conspired with either the U.S. Attorney's office (as his prosecutor) or federal investigators to commit a *Brady* violation by failing to provide exculpatory discovery to Plaintiff. Under *Brady v. Maryland*, 373 U.S. 83, 87 (1963), "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."[5] Although the *Brady* duty generally applies only to prosecutors, police and other state actors "may be liable under § 1983 [or *Bivens*] for failing to disclose exculpatory information to the prosecutor." *Yarris v County of Delaware*, 465 F.3d 129, 141 (3d Cir. 2006).

---

[5] Because of the patent deficiencies in Plaintiff's complaints, the Court does not address the issues of absolute and qualified immunity as they relate to the vast majority of the alleged conspirators. One should note however, that prosecutors are entitled to absolute immunity for their actions in relation to even intentional concealment of evidence, *Yarris*, 465 F.3d at 137, government officials performing discretionary functions are likewise immune from suit in so far as they do not violate clearly established statutory or constitutional rights, *Halsey v. Pfeiffer*, 750 F.3d 273, 287 (3d Cir. 2014), judicial personnel acting on behalf of the state are protected by sovereign immunity, *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997), and judges are absolutely immune from suit for their judicial acts in the performance of their duties, *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Thus most, if not all, of the Government defendants would be immune from suit even if Plaintiff were able to make out a prima facie case. Because Plaintiff fails to allege how individual Defendants were involved in the conspiracy, it is impossible to determine the extent to which any form of immunity would apply here, however.

Such investigators satisfy their duty where they turn over exculpatory and impeachment evidence to prosecutors.  *Id.*

Plaintiff has not sufficiently pled his *Brady*-related claim to survive a motion to dismiss, and therefore the Court must dismiss the complaint in its *sua sponte* screening.  *Schreane*, 506 F. App'x at 122; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To survive screening, Plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  *Iqbal*, 556 U.S. at 678.  Plaintiff has failed to provide sufficient factual matter to support his claim, and has instead included only bare conclusions that the alleged violations occurred, which are insufficient as a matter of law to state a claim for relief.  *Id.*

In regards to the alleged conspiracy, Plaintiff's complaint provides no factual basis whatsoever to establish that such an agreement exists.  Plaintiff merely concludes that a grand conspiracy has arisen to keep him imprisoned.  Plaintiff provides no allegations as to when, where, why, or how the various defendants joined or furthered the conspiracy.  Indeed, Plaintiff's complaint instead concludes with a list of questions asking *Defendants* to admit to and identify their involvement in the supposed conspiracy.

Plaintiff's allegations of withheld discovery are likewise unsupported.  Plaintiff makes no allegations as to what was withheld, how it would have impacted his case, whether such information was material, or which defendants may or may not have been involved in the withholding of information.  Plaintiff simply concludes that, because he believes he is now innocent of the corruption charge to which he pled guilty, that exculpatory evidence *must exist* to prove that assertion.  Plaintiff provides conclusions, bald assertions, and base allegations alone to support his contention that Defendants have conspired to keep him imprisoned and deny him his

rights.  As such, his complaint fails to state a claim for which relief can be granted as a matter of law.  *Iqbal*, 556 U.S. at 678.  Plaintiff's complaint ultimately appears to be entirely without merit and, as such, must be dismissed.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* is GRANTED, and his complaint is DISMISSED for failure to state a claim for which relief can be granted.  An appropriate order follows.

Date:   March 18, 2015                                                          s/ Joseph E. Irenas
                                                                        Hon. Joseph E. Irenas, S.U.S.D.J.